# IN THE COURT OF APPEALS OF IOWA

No. 22-1878
Filed January 24, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LOVELL JONATHAN FLOWERS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


Lovell Jonathan Flowers appeals his conviction of domestic abuse assault.

**AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Lovell Jonathan Flowers appeals from his conviction of domestic abuse assault, contending the district court's finding of forfeiture-by-wrongdoing violated his constitutional rights. Because Flowers forfeited his right to confront the victim, we affirm.

## I.    *Background Facts and Proceedings.*

On the morning of February 24, 2022, the Davenport Police Department responded to a domestic incident. The victim, a thirty-five-year-old pregnant woman who shared children with Flowers, placed the call. She told police that Flowers had struck and strangled her until she couldn't breathe. The victim had injuries consistent with her story. Flowers was arrested and charged with domestic abuse assault impeding air or blood flow. A no-contact order was issued.

Despite the order, Flowers contacted the victim seventy-five times while he was being held in jail before trial: sixty-nine times from his personal jail account and six times from other inmates' accounts. During many of these conversations, Flowers and the victim pretended to be other people, speaking about the victim in the third person. About midway through their conversations, they would forget to use their aliases and speak openly about the proceedings. On one occasion, Flowers shared that he had met another inmate being held for the same charge, and that inmate instructed him that the State had to dismiss the charge if the victim was not available to testify. In later conversations, he tells the victim not to respond or sign for a subpoena and to "be cool." Flowers further asks the victim and their daughter if they have received any mail or been contacted. He also reiterated to their daughter about what he had been told about subpoenas.

Throughout the proceedings, the victim's cooperation wavered. An investigator testified that he found it difficult to contact the victim. While she was successfully served and complied with some summons, she did not comply with others. At the time of the originally-scheduled bench trial, the victim did not attend but sent her daughter to explain her absence. She later testified she was hospitalized at the time because she could not feel the baby moving. But when hospital personnel ordered testing, she denied treatment and checked herself out, stating she could now feel the baby moving. The trial was continued a week, but despite numerous efforts, the victim was not successfully served a subpoena for the rescheduled date.

Based on the circumstances, the State moved for a finding of forfeiture by wrongdoing. The district court held a hearing on the matter, where it granted the motion and allowed third-party evidence of the investigating officers' testimony about the victim's statements to them in place of the victim's testimony. Following the bench trial, the court found Flowers guilty as charged. He appeals.

## II. Review.

Because a forfeiture-by-wrongdoing claim implicates a constitutional right, our review is de novo. *State v. Hallum*, 606 N.W.2d 351, 354 (Iowa 2000). "[W]e give weight to the district court's findings of fact because that court had the opportunity to personally assess the credibility of the witnesses." *Id.*

## III. Discussion.

Flowers contends the district court incorrectly applied the forfeiture-by-wrongdoing exception and allowed third-party testimony, thereby violating his rights under the Confrontation Clause. Defendants in criminal trials are generally

entitled "to be confronted with the witnesses against him." U.S. Const. amend. VI; Iowa Const. art. I, § 10. "[T]his provision bars 'admission of testimonial statements of a witness who did not appear at trial.'" *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)). "But when defendants seek to undermine the judicial process by procuring or coercing silence from witnesses and victims," they forfeit their constitutional right to confrontation. *Id.* at 833. To apply the forfeiture-by-wrongdoing exception, the State must prove by a preponderance of the evidence "that the defendant has wrongfully procured the witness's unavailability." *Hallum*, 606 N.W.2d at 355–56. Forfeiture "is necessary where a defendant's actions are deliberately *designed* to keep a witness from testifying." *State v. Campbell*, No. 10-0117, 2013 WL 4011071, at *4 (Iowa Ct. App. Aug. 7, 2013). We have previously held that the combination of "vague mentions that other inmates had charges dropped when witnesses refused to testify" with related requests and instructions to the witness are sufficient evidence to establish forfeiture. *See State v. Gordon*, No. 15-1841, 2016 WL 6636792, at *2 (Iowa Ct. App. Nov. 9, 2016).

Upon our review, we find the State met its burden in determining the forfeiture-by-wrongdoing exception applied. The record shows Flowers had multiple conversations with the victim in which he convinced her to avoid testifying. His persuasion began subtly by describing what another inmate told him: that the State would have to dismiss charges without the victim's testimony. He then told her, "[I]f she doesn't get a subpoena and doesn't sign for it, she doesn't have to come to court and testify." He similarly used their daughter to manipulate the victim into evading summons, telling her, "If they don't subpoena her, my lawyer was

saying I guess there's nothing they're gonna be able to do unless they subpoena her or whatever?" Flowers further questioned both the victim and their daughter about whether the victim had been subpoenaed. At one point, the victim stayed at a hotel, and Flowers shared his concern that "[t]hey're probably gonna be stopping by pretty soon." Based on these statements, Flowers clearly "intended to prevent [the] witness from testifying." *State v. Harper*, 770 N.W.2d 316, 322 (Iowa 2009) (quoting *Giles v. California*, 554 U.S. 353, 361 (2008)). In fact, he achieved the desired result. The investigator testified he had substantial difficulty reaching the victim to serve a subpoena for the rescheduled trial. He returned to her residence seven times, called and texted her, and asked the Davenport Police Department for assistance in serving the summons. Ultimately, the investigator was never able to serve her, and she did not testify at the bench trial. Based on his own misconduct, Flowers prevented the victim's testimony and, therefore, forfeited his right to confront the witness.

## IV. Disposition.

Because we find Flowers forfeited his right to confront the witness and the court did not violate his constitutional rights, we affirm his conviction of domestic abuse assault.

**AFFIRMED.**